IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW GARMON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TUFF TV MEDIA GROUP, LLC, TUFF | ) | JURY TRIAL DEMANDED |
| TV WORLDWIDE, INC., SEALS | ) | |
| ENTERTAINMENT COMPANY, LLC | ) | |
| and EMMETT LAMAR SEALS, III. | ) | |
| | ) | |
| Defendants. | | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Andrew Garmon ("Plaintiff" or "Garmon"), through undersigned counsel, and files this lawsuit against Defendants Tuff TV Media Group, Tuff TV Worldwide, Inc., Seals Entertainment Company, LLC, and Emmett Lamar Seals, III. ("Seals") (Tuff TV Media Group, Tuff TV Worldwide, Inc., Seals Entertainment Company, LLC, and Emmett Lamar Seals, III. collectively referred to as "Defendants"), and for his Complaint shows the following:

## I.  <u>Nature of Complaint</u>

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings state law claims for damages.

## II.  <u>Jurisdiction and Venue</u>

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 29 U.S.C. § 1367.

### 4.

Tuff TV Media Group, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC are Georgia businesses. Defendants, individually and collectively, do business in and are engaged in commerce in the State of Georgia. Defendant

Seals resides in this district. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

From November 2014 to November 2015, Plaintiff was employed by Defendants as a "coordinator of programming and promotions".

6.

Throughout his employment, Defendants treated Plaintiff as an independent contractor and paid him on an hourly basis, without overtime compensation calculated at one and one half times his regular rate for hours worked over 40 in a workweek.

7.

Throughout Plaintiff's employment with Defendants, Defendants misclassified Plaintiff as an independent contractor.

8.

Throughout Plaintiff's employment with Defendants, Plaintiff was paid on an hourly basis, and had a primary duty of non-exempt work.

9.

Throughout his employment with Defendants, Plaintiff was paid for overtime hours at his regular hourly rate, rather than time and a half.

10.

Throughout Plaintiff's employment with Defendants, he regularly worked more than 40 hours in workweeks and was not paid overtime compensation at one and one half times his regular rate for hours he worked over 40 in such workweeks.

11.

Defendant Seals is the Chief Executive Officer of Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC.

12.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

13.

Defendant Tuff TV Media Group, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Tuff TV Worldwide, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant Seals Entertainment Company, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant Seals qualifies as an employer subject to the FLSA.

17.

Throughout Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

18.

Defendant Seals is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

19.

Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC are "employers" as defined by the FLSA, and are governed by and subject to the FLSA.

20.

Defendant Seals is involved in the day-to-day operations and has substantial operational control over Defendants Tuff TV Media Group, LLC, Tuff TV

Worldwide, Inc., and Seals Entertainment Company, LLC, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

21.

Defendant Seals exerts substantial control over Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC's compliance with the Fair Labor Standards Act.

22.

Defendant Seals has the power to hire and fire employees, including, without limitation, individuals employed by Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC in the same capacity as Plaintiff.

23.

Defendant Seals controls employee work schedules or conditions of employment including, without limitation, individuals employed by Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC in the same capacity as Plaintiff.

24.

Defendant Seals determines the rate and method of payment for employees including, without limitation, individuals employed by Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC in the same capacity as Plaintiff.

25.

At all times relevant to this action, Defendant Seals oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC in the same capacity as Plaintiff.

26.

Defendants, individually and collectively, are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

27.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

28.

At all relevant times, individually and collectively, Defendants have been and remain, "employers" within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

29.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

30.

Plaintiff is entitled to overtime pay for the hours he worked over (40) in given workweeks throughout his employment. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff has suffered lost wages.

31.

Throughout his tenure with Defendants, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendants.

32.

Throughout his tenure with Defendants, Plaintiff had absolutely no opportunity for profit and loss in his employment with Defendant, as he was paid on an hourly basis for work performed and he did not perform any managerial tasks.

33.

The labor involved in Plaintiff upholstering furniture for Defendants did not require specialized skill.

34.

Throughout his employment with Defendants, Plaintiff was economically dependent on Defendants.

35.

Throughout Plaintiff's employment with Defendant, he was subjected to severe and pervasive sexual harassment, including repeated lewd sexual comments and batteries and assaults by Defendant Seals.

36.

On multiple occasions within the last two years, Defendant Patel made vulgar sexual remarks and advances towards Plaintiff, including telling Plaintiff to

perform oral sex on him, and comments such as Seals want to have sex with Plaintiff.

38.

In November 2015, Seals approached Plaintiff naked at Defendants' office and physically forced Plaintiff to remain in the room, despite Plaintiff crying and telling Seals he wanted to leave.

38.

Within the last two years, Defendant Seals directed Plaintiff to shave his naked body, including private parts, on multiple occasions.

39.

On multiple occasions within the last two years, Defendant Seals grabbed Plaintiff's buttocks without Plaintiff's consent.

40.

The above facts are merely illustrative examples of Seals' repeated sexual harassment and battery of Plaintiff.

41.

Throughout the last two years, Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC did not have a

Human Resources Department responsible for handling complaints of sexual harassment.

42.

Defendant Seals' lewd sexual comments, batteries, and assaults have caused Plaintiff severe emotional distress, humility, and depression. As a result of Seals' conduct, Plaintiff was constructively discharged from his position with Defendants and has suffered economic damages, including lost wages resulting from the constructive discharge.

43.

Defendant Seals knew that his conduct was deeply upsetting to Plaintiff and he proceeded to make commit such actions, despite knowing their effect on Plaintiff.

## **Count I**

## **Violation of the Overtime Wage Requirement of**

## **the Fair Labor Standards Act (Plaintiff and the Collective Classes)**

44.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

45.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

46.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

47.

Defendants suffered or permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

48.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

49.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

50.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

51.

Defendants' violations of the FLSA were willful and in bad faith.

52.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Count II -  Negligent Hiring, Supervision and Retention**

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Because Defendant Seals was Defendant Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC's alter ego/proxy, Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals

Entertainment Company, LLC knew of Defendant Seal's propensity to engage in sexually offensive conduct toward Plaintiff.

55.

It was foreseeable that Defendant Seals would engage in the sexual harassment of Plaintiff.

56.

Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC nevertheless failed and refused to act to protect Plaintiff.

57.

Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC were willfully negligent in their hiring, supervising, and/or continuing the employment of Defendant Seals.

58.

By retaining Defendant Seals after they knew or should have known of Seal's propensity to engage in sexual harassment, Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC breached their duty to Plaintiff to provide a working environment free from sexual harassment as required by Georgia law.

59.

Defendant Seals, acting as CEO of Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC, refused to replace himself with an outside manager once he had notice of unwanted advances against Plaintiff.

60.

As a result of said negligence, which was gross and in reckless disregard for Plaintiff's health and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

## Count III - Intentional Infliction of Emotional Distress

61.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

62.

Defendants' treatment of Plaintiff was so insulting as to naturally humiliate, embarrass, and frighten Plaintiff.

63.

Defendants acted intentionally, willfully, maliciously and purposely, with the intent to inflict emotional distress upon Plaintiff, or with reckless disregard of the probability of causing Plaintiff emotional distress.

64.

Defendants knew or should have reasonably known that as a result of the aforementioned extreme and outrageous conduct, Plaintiff would be subjected to severe emotional distress and pain and suffering.

65.

As a result of the aforementioned conduct of Defendants, Plaintiff has suffered severe and grievous emotional distress, anxiety, nervousness, humiliation, and pain and suffering.

66.

Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC ratified Defendant Seal's behavior by, *inter alia*, retaining Defendant Seal after having actual or constructive knowledge of his unlawful behavior.

67.

Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

68.

The acts of Defendant Seals were intentional and humiliating. Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment

Company, LLC acquiescence in the harassment of their employee further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm.  Plaintiff is accordingly entitled to recover from Defendants, in addition to her compensatory damages, an award of punitive damages under the law of Georgia, including but not limited to O.C.G.A. § 51-12-5.1, to punish Defendants, or to deter them from repeating such wrongful acts.

### Count IV - Battery

69.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

70.

On every occasion Defendant Seals touched Plaintiff in an offensive manner without permission or other justification, Defendant Seals committed battery.

71.

Defendant Seals is liable for all general and special damages proximately resulting from each battery of Plaintiff.

72.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is

thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

73.

Defendants Tuff TV Media Group, LLC, Tuff TV Worldwide, Inc., and Seals Entertainment Company, LLC ratified Defendant Seal's behavior by, *inter alia*, retaining Defendant Patel after having actual or constructive knowledge of his unlawful behavior.

74.

Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

75.

The averments contained in this Complaint do not contain all facts and legal theories upon which Plaintiff relies, and are intended to give the Defendants notice of the nature of Plaintiff's claims.  Any facts that might be inconsistent should be construed as encompassing pleadings in the alternative.

## Count V – Attorneys' Fees and Expenses of Litigation
## (Pursuant to O.C.G.A. § 13-6-11 as to Plaintiff's State Law Claims)

76.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

18

77.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

78.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

## Count VI – Punitive Damages

## (Pursuant to O.C.G.A. § 51-12-5 as to Plaintiff's State Law Claims)

79.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

80.

The aggravating circumstances in Defendants' commission of the conduct against Plaintiff and intentions in committing same, entitle Plaintiff to an award of punitive damages to deter Defendants from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendants and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated by Defendants;

(D)   Grant Plaintiff leave to add additional state law claims if necessary;

(E)   General damages for mental and emotional suffering caused by Defendants' misconduct;

(F)   Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(G)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(H)     Reasonable attorney's fees and expenses of litigation on Plaintiff's

state law claims pursuant to O.C.G.A. § 13-6-11;

(I)     Prejudgment interest at the rate allowed by law;

(J)     All other relief to which Plaintiff may be entitled.

This 17th day of December, 2015.

                                **BARRETT & FARAHANY, LLP**

                                /s/ V. Severin Roberts
                                Amanda A. Farahany
                                Georgia Bar No. 646135
                                V. Severin Roberts
                                Georgia Bar No. 940504
                                Attorneys for Plaintiff Andrew Garmon

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile